[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 97-8581
Non-Argument Calendar

D. C. Docket No. 5:96-CV-418-1(HL)

ROOSEVELT WORTHY,

Plaintiff-Appellant,

versus

SHEILA E. WIDNALL, Secretary,
Department of the Air Force,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Georgia

**(April 7, 1998)**

Before EDMONDSON, Circuit Judge, RONEY and HILL, Senior Circuit Judges.

PER CURIAM:

This appeal arises out of the fourth Title VII action filed by Appellant Roosevelt Worthy against his employer, the Secretary of the Air Force, in the space of two years. All four of these actions were found by the district court to be meritless and

dismissed on motion for summary judgment. This court affirmed the first three

appeals summarily without publication.[1] This fourth time we publish our opinion.


Two orders are involved here: first, the district court order dismissing Worthy's

action on summary judgment, and, second, the district court order imposing

sanctions upon Worthy's lawyer in the amount of five hundred dollars ($500.00)

under Fed. R. Civ. P. 11(b)(2). We affirm the summary judgment order without

discussion. *See* 11th Cir. R. 36-1. We discuss only the order imposing sanctions.

The same lawyer brought all four of Worthy's meritless actions. In the third

suit, at the conclusion of his order granting summary judgment against Worthy's

claims, the district judge issued the following warning:

> The complaint presently before the court is sufficiently without merit
> and potentially frivolous as to subject both plaintiff and his counsel to
> the imposition of sanctions. FRCP 11(b). In declining to impose
> sanctions at this time, the court gives plaintiff's counsel the benefit of
> the doubt by assuming that the present claims arise out of a profound
> and fundamental misunderstanding of the scope and purpose of Title
> VII, rather than from a total lack of respect for this court and for his
> role as an officer of it.

*Worthy v. Widnall,* No. 5:95-cv-412-4 (WDO)(M.D.Ga., Oct. 15, 1996).

---

[1]*Worthy v. Widnall*, 900 F. Supp. 475 (M.D. Ga. 1995), *aff'd*, 86 F.3d 1171 (11th Cir. 1996)(unpublished table decision); *Worthy v. Widnall*, No. 5:95-CV-76-1 (DF)(M.D. Ga. 1996), *aff'd*, 108 F.3d 344 (11th Cir. 1997)(unpublished table decision); *Worth v. Widnall,* No. 5:95-CV-412-4(WDO)(M.D. Ga. 1996), *aff'd*   F.3d  (11th Cir. 1998)(unpublished table decision).

Three weeks after receiving this stern admonition from the court, Worthy's lawyer filed the present lawsuit and the court's sanction warning became reality. Instead of imposing the $500.00 sanction against Worthy's lawyer, the district judge in this case might have ordered him to reimburse the Air Force for all attorneys fees required for defense. There is no question that this relatively mild sanction was reasonable and adequately supported by the record.

AFFIRMED.